AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
*November 24, 2025*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Juan Zapon-Lopez | ) | Case No. **4:25-mj-707** |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 26, 2025__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) | a native and citizen of Guatemala, and an alien who had been previously deported from the United States, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Daniel I, Chagoya, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 11/24/2025

*Judge's signature*

City and state: Houston, Texas

Hon. Richard W. Bennett, United States Magistrate Judge
*Printed name and title*

4:25-mj-707

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Daniel I, Chagoya, being duly sworn telephonically, hereby depose and say:

(1)     I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since November 9, 2008. My law enforcement career began September 18, 2005, as a Customs and Border Protection Officer. I heldthis position until transferring to Immigration and Customs Enforcement as a Deportation Officer.I currently have over 17 years of immigration law enforcement experience.

(2)     On November 21, 2025, after pleading guilty for ASSAULT OF A PREGNANT PERSON at the Harris County Court in Houston, TX, Juan Zapon-Lopez was transferred to the custody of Immigration and Customs Enforcement (ICE) pursuant to a detainer. Subsequently, on November 24, 2025, at approximately 7:00 a.m., he was identified as eligible for prosecution for violating 8 U.S.C. § 1326 (a).

(3)     The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(4)     Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a).

(5)     <u>Element One</u>: The Defendant is a citizen and national of Guatemala and not a native,citizen or national of the United States.

(6)     <u>Element Two</u>: The Defendant has previously been deported or removed from theUnited States on the following occasions:

1. Removed 03/14/2025
2. Removed 12/22/2010

(7) <u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on July 26, 2025, in Harris County, which is within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years, and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in the paragraph. On November 24, 2025, LESC advised me that it had no record on such encounter.

(8) <u>Element Four</u>: The Defendant did not have permission to reenter the United States. On November 24, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of theImmigration Service.

(9) <u>Prior Criminal History</u>: The Defendant has the following prior criminal history:

a) On November 20, 2025, the Defendant was convicted in the 351st District Court in Harris County, Texas for the felony offense of ASSAULT OF PREGNANT PERSON and sentenced to 5 years deferred adjudication of guilt.

b) On March 5, 2025, the Defendant was convicted in the 496th District Court in Harris County, Texas for the offense of ASSAULT FAMILY MEMBER and sentenced to 153 days county jail.

c) On June 4, 2010, the Defendant was arrested by Houston Police Department for the offense of SEXUAL ASSAULT. On August 17, 2010 the Defendant was convicted in the 339th District Court in Harris County, TX of the lesser charge of TERRORISTIC THREAT and sentenced to 6 months county jail.

(10)   On November 24, 2025, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning the criminal complaint. On or about that day, Assistant U.S. Attorney Amanda Alum (281) 409-7864 accepted this case for prosecution for violation of 8 U.S.C. § 1326(a).

_____
Daniel I. Chagoya, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Sworn to me telephonically on 24th day of November 2025, and I find probable cause.

_____
Hon. Richard W. Bennett
United States Magistrate Judge
Southern District of Texas